Mr. Patton, I appreciate it. Can you reserve one minute, Mr. Patton? Yes, Your Honor. May it please the Court, David Patton for Petitioner Roman Storm. Rule 16 is explicit. A defendant's obligation to make expert witness disclosures is contingent. The obligation is triggered if a defendant requests the same of the government and the government then complies. So you wouldn't dispute, and I'm urging you to not fight the hypothetical because I'm trying to get to a more specific point for you. You would not dispute that the district court has some capacity to make sure that it's not chaotic in their courtroom and that they have to make sure not to have games mentioned, right? You can see that there are some, and I think your position would be as long as it doesn't run afoul of the rules or other limits. Is that fair or not? Correct, Your Honor. Okay. So I am interested in hearing, knowing that you have that position and knowing is this an all or nothing for us? In other words, do you take the position that the district court is – well, let me ask the question a different way. When do you think, knowing what you know, the district court has some capacity and Rule 16 is what it is, when is the absolute latest that you could, in this situation, issue your expert disclosures? Your Honor, Rule 16 clearly applies, and the Supreme Court has been clear about this, to pretrial discovery. Once the trial begins, once the government has presented its case in chief, then the court is entirely within its authority to engage in Daubert gatekeeping and to require whatever disclosures – So you would say that it would be like any time, including when trial has started, is the latest that you're allowed to do it? After the government's case in chief, Your Honor, and that's because – You think a Daubert hearing has to await that? Yes, Your Honor. You think a Daubert hearing by the defense has to await the government resting its case? If the defense doesn't engage, doesn't trigger the reciprocal features of Rule 16, and that – I think it's incredibly important to understand that this is not a minor aspect of defendant's disclosure obligation. It is the foundation of Rule 16 for defendants, that it is contingent. In the vast majority of cases, defendants will, in fact, trigger that reciprocal pretrial requirement. Congress gave defendants the choice. They said you can have the benefit of additional government disclosures, but in order to do that, you have to waive your ability to stand pat. Okay. So I guess the question that I have, though, is then it means that your position really puts us as a matter of law and all or nothing. Like we have to find that you are allowed to wait until the government rests or the district court can't do anything in between there. There's no four weeks before, six weeks before, ten weeks before. Is that right? I do want to be clear about something, Your Honor, which is that we did attempt to voluntarily arrive at a compromise. I got that. And I'm going there next. But go ahead. We did offer to provide names, CVs, subject matter. So you think as a matter of law, it is – there's no finessing it. There's no calibrating it. It's all or nothing. They are allowed to wait until the government rests. And that is why five district courts have ruled on this issue and all have rejected the government's position on this.  So now what you offered beforehand, my understanding is that Rule 16 accounts for a number or requires, the disclosures require a number of the things you offered. The CV would tell you the cases. So what you're really quibbling over is the basis, right? Because you said that you were willing to provide the summary, right? So it's just that one bullet point that inclines including the basis. Is that what we're fighting over? Your Honor, if I may, though, I can't say that this is quibbling because what Rule 16 requires now, and this is enhanced after the 2022 amendments. It used to just be a summary of the witness's opinion. Right. But it's the basis and reason for it. And it's now a complete statement of all opinions. And that is truly an invasion of defense strategy. It's one thing if we opt into that framework. It's one thing if we say, look, we want the government discovery, and so we're willing to give up our defense strategy. So this gets to a question I have. You don't want to disclose it because you feel it's giving up a defense strategy. Typically, a defense or any side, whether it's the government or the defense, you start the trial and your cross-examination of the state's witnesses, your theory of the case and opening statements, they're all geared towards the same defense, right, for consistency purposes. It doesn't make sense not to. What I can't – what I'm struggling with is if it's going to require a Daubert hearing, wouldn't you, as the defense, want to know, ahead of trial, whether or not your key defense is coming in? Because if you have a Daubert hearing in the middle of trial and the court says, you know what, I don't think that this scientific methodology is sound, and as the gatekeeping function, I'm going to keep it out. So how does it – I don't get why you'd want to wait until your case in chief to find out that your key defense you can't present. It doesn't make sense to me. Judge Conant, I completely agree that that is a risk the defendant runs, and it is why in the majority of instances defendants will, in fact, trigger the reciprocal requirement, both to get information from the government and to have a pretrial ruling on this. But the court needs to – But that's the defendant's choice to run that risk. I get that, but it also doesn't make sense, having been a trial judge, to stop a trial in the middle of a jury trial, to stop it for two days, three days, to hold a Daubert hearing when that can be done ahead of time. That doesn't make sense to me, that we would tell trial judges, you have to do this in the middle of trial. First, because Congress and the rulemakers simply made a different policy choice here, that this was a subject of intense debate in 1974 and 75 when defense disclosures were first put into Rule 16. And the very explicit compromise that was struck was we will force defendants to make these disclosures only if they opt in, because otherwise there are very significant constitutional considerations here. And lastly, I would just say as a practical matter, the vast majority of time Daubert gatekeeping does not take very long. After the government's case in chief, there are often breaks for arguments. That hasn't been my experience, both at the trial level or the appellate court, when a hearing has taken days because both sides bring in an expert and bring in scientific journals, having had experience with, for example, the area of ballistics. I'm not so sure it's as quick as you're making it seem. It may, Your Honor. But that is the policy choice that was made here, and it's not a feature of every trial, but it can be a feature of trials where defendants make this choice that has been given to them for very good reasons. Thank you. We'll hear from you on that. I'm sorry. Yes, please. I'm sorry. We've got more questions. Mr. Patton. Mr. Patton, we have more questions. You indicated early on in your argument that a Daubert hearing or Daubert proceedings would only take place after the government rested its case, if I understood you correctly. Yes, Your Honor. Do you think that means the district court couldn't order disclosure of any experts in camera to the court so that it had a sense of how complex these hearings were going to be? I don't, Your Honor. In fact, I think the district court is within its rights to do that.  So at least we get past that. That could certainly take place beforehand. Correct. Now assume that upon that disclosure, the district court thinks that this is an expert that perhaps it has never seen before or that involves very complex evidence. What can the district court do at that point in order to avoid the two- or three-day delay in trial that Judge Kahn hypothesized? I guess I have two responses to that, Your Honor. Please. If a delay is necessary, then it is necessary. Trials are delayed all the time for reasons far less significant than this one, and I would suggest then that's a policy decision by the rulemakers to advance efficiency over the constitutional concerns of forcing the disclosure. But secondly, there are certainly other tools that a district court may employ, perhaps a taint team, perhaps not employing the government's trial team. But ex parte, in camera, using various other tools, this can be solved without violating this core structure of Rule 16 to provide that information to the trial team. There is some – the government does rely on some other rules that suggest that there is some flexibility here, among them Federal Rule of Evidence 104. I'm sure you're familiar with these, otherwise I can be specific. Yes. How is it that these rules – and the district court referred to Rule 57B, its inherent authority under that rule. Yes. Why do you not – why are you suggesting we not find those arguments persuasive? Your Honor, the rules that the government relies most prominently are on our 16D, which is a catch-all provision in Rule 16 entitled protective and modifying orders. And Rule 57 is likewise a very general rule about district court's authority. To say that those general catch-all provisions prevail over a very specific rule that was very contemplated, that was not a minor – we're not talking about where a comma is placed somewhere in a statute or a rule. This was foundational. The rule was developed in the wake of two Supreme Court cases, Williams v. Florida, which permitted Florida to require defendants to provide notice of alibi. And Congress was reacting to that. This was a big subject at the time that the reciprocal framework was developed, that should we require defendants to disclose anything at all under any circumstance. And the compromise was to say, look, we will require it, but they have to opt in. And that's a core feature of Rule 16. Okay. Thank you. Thank you. Good morning. May it please the Court. I'm Nathan Wren, and I represent the government on this appeal, and I represent the government in the district court as well. Judge Fela did not commit a clear abuse of discretion in ordering the reciprocal disclosures of proposed expert testimony shortly before trial was scheduled to commence. Judge Fela relied on her inherent authority to manage the trial, as well as a number of provisions of both the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. What do you think is the strongest support in the rules for what she did here, contrary to Rule 16's provision about when disclosure is made by the defense? What do you think is the strongest rule of support? So first off, I would not say that this was contrary to anything in Rule 16, which provides a mechanism for requiring disclosure, but doesn't in any way suggest that it's the only mechanism for requiring such disclosure. And this Court has, in other contexts where there are required disclosures, has said that the district court has the authority to order additional disclosures beyond what the rules contemplate. For example, in the context of disclosures of affirmative defenses in Rules 12.1 through 12.3, this Court has affirmed district court orders ordering additional disclosures of other affirmative defenses beyond those that are listed there. Let's go back to my question. What rule do you think gives her the authority to do this? I think there are a number of rules that give her the authority. I would first point to Rule 16d, which provides the district court with authority to regulate discovery. And I think the Court should interpret that specifically in the context of the advisory committee notes to Rule 16, which expressly say this rule is intended to prescribe the minimum amount of discovery and is, quote, not intended to limit the judge's discretion to order broader discovery in appropriate cases. But that's basically speaking to the government's obligations to disclose. There is no defense obligation to disclose anything except as provided in the rule. So I'm not sure that particularly helps you, unless I'm missing something. Certainly, Your Honor. Well, it does indicate that the intent behind this rule, the intense legislative debate that my colleague has referred to in his argument, was not in any way intended to limit what was understood to be the district court's inherent authority to order these sorts of provisions. And in addition to Rule 16d, you — Do you think that before this amendment to Rule 16 about expert disclosures that the district court had the authority to disclose, to order the defense to disclose evidence that it intended to rely on? Do you think it says that? I think there was authority along those lines. I think that Williams v. Florida recognized that there was certain authority that the district court had. But I think that in the context of expert disclosures, the law has obviously evolved a lot since 1975. And so you can turn your focus from the rules of criminal procedure to the federal rules of evidence and Federal Rules of Evidence 104 and 702 as they've been interpreted in the Daubert and Kumho-Tyre line of cases. And the real question here is, what is the scope of the district court's discretion to decide how best and most efficiently to exercise its gatekeeping authority that it must exercise under Daubert and Kumho-Tyre? Well, let's assume this. The district court says to the defense, are you going to put on any expert witnesses because I might want to hold a Daubert hearing in advance? And the defense says, I don't know. I want to wait and hear the government's case. And then the government rests and the defense says, yes, I'm going to call an expert. Do you think the district court could preclude him from doing so based on the fact that he didn't disclose it in advance? I think it would depend on the circumstances of the case. I think the district court does have discretion to decide how to exercise its gatekeeping authority. So if there was a reason why it wouldn't have been apparent to the defense, until the government rested its case, that it was necessary for the defense to call an expert to rebut the government's case, I think it would likely be an abuse of discretion for the district court to prevent that. But this isn't that case. When I was on the district court, I wouldn't have taken that chance that I could have precluded the defense from calling a witness because he hadn't disclosed it beforehand? Well, this isn't that case because in this case, there was a large volume of previous pretrial motions that made it clear, as the defendant himself has said in his petition to this Court, that this case is about highly technical issues that will require expert testimony for the jury to properly understand and rule on. And in order for the jury to understand the facts of this case, there's no question that there are highly technical issues that require an explanation of computer code, of how the Ethereum blockchain works, of cryptocurrency more generally and how transactions work in the cryptocurrency space. And the district court having ruled on detailed factual motions. Apparently, you're not calling an expert? The government will be calling experts at trial.  And the district court's orders were reciprocal. The district court said that both parties could disclose their experts in advance of trial.  But you are calling an expert. Yes, Your Honor. And I think the district court understood that in light of the way that the motion to dismiss had been briefed, that these issues were going to be technical. And as we argued to the district court and as the district court recognized, there would be no way to have this trial without pretrial expert disclosures, without having potentially lengthy mid-trial continuances that would interrupt the jury's ability to hear the case. And to take that discretion away from the district court to administer the trial under those circumstances would be a recipe for an unadministrable trial in a case like this. Well, then what do you think is the purpose of Rule 16 conditioning the defense disclosure on it making a request for the government to disclose? What purpose does that rule serve? So Rule 16, there's a number of provisions in Rule 16 that trigger government disclosure obligations upon defense requests. It's not just the expert disclosures. I understand that. And with respect to the Rule 16b1g, the request for government expert disclosures, it gives the defense an opportunity to force the government to provide expert disclosures in advance of trial, regardless of whether the district court would in its discretion issue such an order. But that goes to what it can require for the government. Why would the rules committee and Congress craft a rule that then said that it's your request to the government that triggers your own disclosure obligation rather than simply saying, and on request of the government, the defense must turn over the following things? The rule says — Because that's basically what you're asking for here. You're saying that on request of the government, the defense should have to turn over expert evidence and expert disclosures. That's not what the government's argument is in this case, Your Honor. What the government's argument is, is that the district court has the discretion to decide how to exercise its gatekeeping authority. And there may be cases in which a district court properly exercises its discretion not to require pretrial expert disclosures based on the circumstances of the case where the district court determines that it would be able to administer the trial fairly and efficiently without those requirements. Maybe the type of expert testimony that appears to be likely to be presented at trial isn't the sort of thing that would require a lengthy Daubert briefing and a mid-trial hearing. But in a case in which — If I understood the district court correctly, she ruled — she relied on Rule 57B for her ruling, correct? In addition to the rules of evidence, yes. Now, that rule says a judge may regulate practice in any manner consistent with Federal law, these rules, and the local rules of the district. So to the extent that her order was not consistent with rule — with the disclosure rule of 16, I don't see how 57B supports it. What am I missing? So the Supreme Court — and I can direct you to the Supreme Court's case in Dietz, where there was a question of whether the district court had an implicit authority to make an additional order that wasn't specifically contemplated in the rules. And what the Supreme Court said in that case was, the mere fact that the rules provide certain authorities to the district court should not be read as an implicit limitation on other authority that the district court has. I understand that. And in looking for that authority, I just want to be sure 57B isn't where I can look for it. Is that right? 57B is a source of the district court's inherent authority to order disclosures. How would it say that it can regulate practice in any manner consistent with these rules? So it is consistent with the rules of criminal procedure for the district court to order pre-trial expert disclosures, just as it's consistent with the rules of criminal procedure for the district court to order additional disclosures of affirmative defenses that aren't specifically required by the rules. It's provided in Rule 16. There's a rule that addresses this. So I'm not sure how you think that that means — how you think Rule 57B, which says you can't do anything except consistent with these rules, allows you to do something inconsistent with the rules. Well, it's the government's position that it is not inconsistent with a rule that requires one method of disclosure for the district court to have authority to order disclosure under additional circumstances. And, in fact, district courts do exercise that authority. Then the limitation imposed by Rule 16 has no meaning. The limitation imposed by Rule 16 applies when a defendant has exercised its right to require the government to produce pre-trial expert disclosures, which is a very valuable right that the defendant has. But that doesn't say anything about the district court's own authority to regulate the trial. And the district court has its own inherent authority to regulate the trial. It's recognized in Rule 57B, along with other places. And what the overall rules say in Rule 2 is that these should be interpreted in a way to encourage the efficient administration of trials. And there's nothing that Rule 16, which sets forth one method of authorizing disclosures, does to limit the district court's inherent authority. And if you look at both the advisory committee notes to the rules, which say that the court has authority to order additional disclosures, you look at Rule 16D, which says the district court has authority to order appropriate relief. You look at Rule 57B, which says that the court has the authority to manage the trial consistently with these rules. There's nothing inconsistent with any of these rules that the district court has the authority to order certain disclosures that go beyond the minimum standard that's set by the rules. And that's what this Court has affirmed in the context of affirmative defenses. And there's no reason why there would be a different result with respect to expert disclosures. So when district judges, as they sometimes do, orders the government to provide a witness list two weeks before trial, your view is it can also, consistent with these rules, require the defense to provide a witness list two weeks before trial? Yes, Your Honor. The exchange of witness and exhibit lists is another example of something that is routinely done in a number of cases. It requires the defense before the government has started its case? I'm aware of cases in which district courts have ordered both parties to produce witness and exhibit lists in advance of trial, and we would submit that that's a similar example of where the district court has certain inherent authority to allow it to address potential evidentiary issues that may arise without having to interrupt the trial mid-trial. And that's especially important in the context of a case where all parties agree that there's going to be extremely technical and complicated expert testimony, where the district court knows it's going to have to rule on potentially complicated doubler issues that will take days or even longer for the parties to process the other side's disclosures, present any motions, and for the district court to have any hearing on that. And to have that — to force the district court into a situation where it has to do that mid-trial, there's no evidence that the rules contemplated that. And especially in the world that we live in post-Daubert and Kumho Tire, where the Supreme Court has repeatedly said, and this Court has repeatedly said, that district courts have broad latitude to decide how to exercise their gatekeeping authority, to decide when to order disclosures, to decide what procedures they need to employ to decide whether expert testimony is admissible, it's completely consistent with that for the district court's order in this case to have required these sorts of disclosures shortly before trial. Okay. I have a question going back to the standard for issuing a writ of mandamus. Let's say, for hypothetical reasons, that we think the district court erred, that it read Rule 16 wrong. Is there still a reason why the writ wouldn't issue? Yes, Your Honor. And that's what the mandamus standard is a more deferential standard than the standard that you would face on a direct appeal.  But so what would it look like that we were writing in that instance? Would it be an advisory writ? What, you know, I appreciate you not fighting the hypothetical. If we think the district court made a mistake and we would, what is the appropriate thing to do in this instance? Well, you could look to some of the cases we've seen in a brief where this Court has said that the review, even if we're convinced that there was an error, that's not enough to issue the writ of mandamus. Okay. So but then that would then what would happen? That would force us to then deal with the issue on direct appeal after everything happens? Do we issue an advisory writ so we tell people prospectively or tell district court judges prospectively that they can't do it? What is supposed to happen next in the scenario that we believe that the district court made a mistake? You said we don't have to issue the writ, but then what happens? I think what this Court should do is apply the traditional mandamus standard, which is to ask whether there was a clear usurpation of power or a clear abuse of discretion. And even if this Court were to say that considering this as a matter of first impression, we might disagree with what the district court did here, that's an issue that can be addressed on direct appeal. As with any number of other district court orders as to which this Court does not allow mandamus as a way around the final judgment. You would say that this Court needs to deal with this on direct appeal. That's correct, Your Honor. And that's why the final judgment rule is an important bulwark against sort of piecemeal litigation of district court orders in the context of administering trials. It would be a troublesome precedent for this Court to recognize that defendants have the option to seek mandamus relief whenever there's an order that the district court makes in the course of administering a trial that the defendant wants to challenge immediately, as opposed to waiting until final judgment, which is the normal rule. There's every opportunity for the defendant to litigate this issue after judgment is entered in this case, as there is with any other order that the district court has issued where this Court has said there is not an interlocutory appeal. And mandamus is not an end run around that. Thank you so much. So, Mr. Patton, you argue in your petition that this issue is novel. And I'm going to ask, does that undercut your claim that you are clearly entangled to a writ? No, Your Honor, and this Court has addressed just that issue, because the standard for mandamus both contemplates novel issues, but also ones that are clear abuses of discretion. And the Court has said that those are not inconsistent with one another. I would say here it's clear. Every district court to take a look at it has ruled against the government's position here. The rule is clear. And yet it is novel in the Second Circuit. And in Roger Rottenham, this Court held that mandamus is appropriate to review a pretrial discovery order if a district court clearly exceeds its discretion and the petitioner demonstrates the presence of a novel and significant question of law and the presence of a legal issue whose resolution will aid in the administration of justice. And I just want to say on this point, what we're talking about here is forcing defendants to disclose otherwise protected and confidential information in advance of trial if these expert witnesses are not called. And they may well not be, because we're reactive to the government's case in chief, both not just to the government's experts, but to their factual presentation. We may choose not to call these people, and yet we — this bell can't be unrung. We would have been required to disclose highly confidential and protected information. Well, that's — that depends on what you're disclosing. I mean, I can imagine circumstances where that was the case, but I can imagine any number of circumstances where expert disclosure does not get that. But here's the question. Why isn't all of this appropriately resolved on appeal if your client is convicted and you can argue that you were prejudiced by having to disclose highly confidential information that was work product or some of the other scenarios you've hypothesized that go beyond the expert's own report, or that this was a clear violation of the rule, all the arguments you're making to us today, and that this was clear error by the district court? Why does this have to be resolved on mandamus? Help me out. So two reasons. One, this is an awfully big bell that can't be unrung. The government will, once they have our information pretrial, will be permitted to then shape their case in chief in consideration of what they've received. And on appeal, we will never be able to point out to this Court, well, they chose not to call certain witnesses or they chose to make certain arguments in light of the information that they received from the defense. We'll never be able to point that out to the Court. Have you gotten their expert disclosure? No, Your Honor. And that's yet a step. Because you declined to accept it, not because they're not willing to provide it, or have I misunderstood what's happened here? We declined to request it. The government is certainly within its authority to provide it to us. But as I understood it, the district court ordered simultaneously. Does the government not comply with its disclosure? That order has been stayed now. The trial has now been adjourned until April. I see. Well, in terms, though, of your being able to argue how it affected things, you're going to get their expert disclosure. You'll see that the expert proposed to testify A, B, and C. Then he gets your disclosure, and all of a sudden he's backed off of B and he's now testifying to E. You'd be able to make the argument. Your Honor, first of all, this is a separate and independent reason why the district court's decision was error. It required simultaneous disclosures. So the rule both requires us to trigger the obligation to disclose anything, and it also requires the government to first comply. So the district court erred here in both respects. And I would just say there is no putting that back in the bag once we've made these disclosures. They will then, whether it's on the initial trial or even if this Court were to reverse and send it back for a new trial, they would then still have that information. Okay. Thank you. Thank you so much. Thank you. This was helpfully argued. We'll take it under advisement.